UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---------------------------------------------------------------------------X

BENJAMIN KYLE MILLER, individually and on behalf of all other persons similarly situated,

CIVIL ACTION NO.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs,

-against-

EZELL EXCAVATING INC., ILLIANA CONSTRUCTION CO., OPEN ROAD PAVING COMPANY, LLC. and JOHN DOE COMPANIES 1-10,

Defendants.

---------------------------------------------------------------------------X

Plaintiff Benjamin Kyle Miller, on behalf of the putative class by his attorneys, Menken Simpson & Rozger LLP and The Law Offices of David Lee, alleges as follows:

**PRELIMINARY STATEMENT**

1. This action is brought on behalf of the Plaintiff, and a putative class of individuals who worked for Defendants Ezell Excavating Inc. ("Ezell"), Illiana Construction Co., ("Illiana"), Open Road Paving Company, LLC ("Open Road") and John Doe Companies 1-10 ("Doe Companies"), and/or any other entities affiliated with or controlled by the collective Defendants ("Defendants") on publicly financed construction projects, such as public highways and roads, county airports and school parks ("Public Works Projects"). Plaintiff seeks to recover overtime wages and prevailing wages and fringe benefits which he and members of the putative class were entitled to receive for work they performed on the Public Works Projects but did not receive in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201 *et seq*, the Illinois Minimum Wage Law ("IMWL"), 820 I.L.C.S. 105/1 *et seq* and the Illinois Prevailing Wage Act ("IPWA"), 820 ILCS 130, *et seq.*

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. Sec. 216(b). Plaintiff performed work for defendants in the Urbana Division, a substantial part of the events or omissions giving rise to plaintiff's claim occurred in that Division, and all three defendants have their principal and/or registered offices in that Division.

## PARTIES

3.  Plaintiff, and other members of the putative class, are individuals who performed work as truck drivers, which included the transportation of materials and equipment to or from a job site, distributing oil or liquid asphalt and aggregate and stock piling material when in connection with the actual paving and/or resealing project for the Defendants in the State of Illinois.

4.  Ezell Excavating Inc. ("Ezell") is a privately owned construction company located at 1574 County Road 100 N. Villa Grove, Illinois. It was incorporated in Illinois and has its primary business office at the above address in Villa Grove and is owned and operated by Walter Ezell, Carol Ezell and Hunter Ezell.

5.  Illiana Construction Co. ("Illiana") is an Illinois construction company that owns and operates at least five dump trucks regulated and registered with the U.S. Department of Transportation. Illiana's sole business office is at 1414 West Anthony Drive, Urbana, Illinois, the

same location as the primary business office of Defendant Open Road Paving Company, LLC. In addition to sharing offices, telephone numbers and internet addresses with Open Road, Illiana shares employees with Open Road.

6. Illiana is a division or subsidiary of Champaign Asphalt Company LLC ("Champaign Asphalt") which upon information and belief, owns and operates Defendant Open Road Paving Company, LLC.

7. Open Road Paving Company, LLC ("Open Road") is a locally owned full service paving company that has its primary business office at 1414 West Anthony Drive, Urbana, Illinois. It is a limited liability Illinois company with the majority of its shares owned by Champaign Asphalt. Champaign Asphalt's primary office is also 1414 West Anthony Drive, Urbana, Illinois.

8. Champaign, Open Road and Illiana share offices, telephone numbers, internet addresses and employees.

9. Unless otherwise alleged herein, all of the Defendants' employees were acting as agents in doing the things alleged in this complaint and, as such, were acting within the course and scope of that agency and employment.

10. Defendants have not disclosed to Plaintiff their current corporate structures and interrelationships. Should discovery and/or other investigation reveal that some of the named Defendants were not properly sued in this matter, Plaintiff will seek leave to amend to dismiss improperly named Defendants and/or to add or substitute proper Defendants.

## CLASS ALLEGATIONS

### (FLSA Collective Action)

11. Plaintiff brings his FLSA claims on behalf of himself and all similarly situated

non-union employees of Defendants who drove a truck and transported materials such as asphalt, gravel and/or dirt who did not receive overtime pay at the rate of time and one-half their regular rate (i.e., the prevailing wage rate) of pay for all hours worked in excess of forty (40) in a workweek on public projects at any time during the three years prior to the filing of this case until the entry of judgment ("FLSA Collective Action").

12. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the collective members, and as such, notice should be sent to the FLSA Collective Action members. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

(Rule 23 Class Action)

13. Plaintiff brings his Illinois Minimum Wage Law claim pursuant to 820 ILCS105/4a on his own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all non-union employees of Defendants who drove a truck and transported materials such as asphalt, gravel and/or dirt who did not receive overtime pay at the rate of time and one-half their regular rate (i.e., the prevailing wage rate) of pay for all hours worked in excess of forty in a workweek on public projects at any time during the three years prior to the filing of this case until the entry of judgment ("Rule 23 Class").

14. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of the Defendants, it is believed that there are in excess of 50 members of the class during the class period.

15. There are questions of law and fact common to the class which predominate over any questions affecting only individual members.

16. The claims of Plaintiff are typical of the claims of the putative class.

17. Plaintiff and his counsel will fairly and adequately protect the interests of the class. In fact, co-counsel Menken Simpson & Rozger LLP, has successfully represented various classes of workers in federal courts in Illinois, New York, New Jersey and California where they were deemed and designated as adequate class counsel.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is particularly true in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against large corporate defendants such as the Defendants in this case.

19. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendants entered into certain contracts with various government agencies; such as Douglas County, Dewitt County and Illinois Department of Transportation, to furnish the necessary labor, material and equipment to perform work upon the Public Work Projects;

    (b) whether certain Defendants entered into what amounted to subcontracts with each other and/or the Doe Companies to transport asphalt, gravel and/or dirt or perform other labor upon the Public Work Projects;

    (c) whether Defendants paid Plaintiff and the putative class the prevailing rates of wages and fringe benefits to them and all workers furnishing labor on the sites of the Public Work Projects;

(d) whether Defendants jointly employed Plaintiff and the putative class subjecting them to liability for failing to pay them their overtime and prevailing wages and fringe benefits;

(e) whether Defendants wrongly identified some of the work Plaintiffs and the putative class did as work not requiring the payment of prevailing wages and fringe benefits;

(f) whether Defendants retained relevant payroll, time and work records as required by law; and,

(g) whether Defendants notified Plaintiff and the putative class of their right to be paid overtime and prevailing wages and fringe benefits as required by law.

## **COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS**

20. Plaintiff and members of the FLSA Collective and Rule 23 Class ("Class Members") were either directly or jointly employed by Defendants.

21. Since at least 2017, Defendants Open Road (formerly known as Champaign Asphalt) and Illiana have entered into certain contracts, either as a subcontractor or prime contractor, with certain government agencies (e.g., Douglas County, Dewitt County and Illinois Department of Transportation), or with prime contractors not currently known, to furnish labor, material and equipment to perform excavation and paving work on the Public Work Projects.

22. Since at least 2017, Defendants Open Road and Illiana have contracted and/or made agreements with Defendant Ezell and/or Doe Companies to assist in the excavation and paving work it contractually agreed to perform on the Public Work Projects.

23. As stated above and herein, non-union employees who performed excavation and paving work on these public work projects were either directly or jointly employed by Defendants.

24. Open Road and/or Illiana supervisors, such as Hunter Ezell, supervised Defendants' non-union employees, who used Open Road and/or Illiana tools and equipment and were instructed to keep and report their hours on Open Road marked records.

25. The public works contracts required that Defendants, either as contractor or subcontractor, pay and ensure payment of the relevant prevailing rates of wages and fringe benefits to all workers furnishing labor on the sites of the Public Works Projects, including their employees and temporary employees, whether union or non-union, and all other persons furnishing labor on the sites of the Public Works Projects.

26. Upon information and belief, the public works contracts, as mandated by 820 I.L.C.S. 130/4(b), also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing rates of wages and fringe benefits to all workers furnishing labor on the sites of the public works projects.

27. Whether contained in the public works contracts, on a purchase order or on a separate document annexed or not but considered part of the public works contracts, Defendants stipulated and agreed that it would pay its employees prevailing wages and fringe benefits as specified in the Illinois Department of Labor prevailing wage schedules.

28. Defendants are responsible for paying plaintiff and the putative class the relevant prevailing wages and fringe benefits under Illinois law regardless of whether the public body or entity Defendants contracted with provided it with notice to pay prevailing wages and supplements.

29. Under the Illinois Prevailing Wage Act, employees covered by the Act shall be paid "a wage of no less than the prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed…" 820 I.L.C.S. Sec.130/1.

30. Under the Illinois Prevailing Wage Act, employees required to be paid the prevailing wage and fringe benefits "shall be *** all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works." 820 I.L.C.S. Sec.130/3. By statute, this includes the work Plaintiff and the putative class did including, but not limited to, the transportation of asphalt, gravel and/or dirt to and from the public work site and the performance of other labor upon public work projects.

31. Plaintiff Miller, who is a former employee of Ezell and by operation of law a former employee of Illiana and Open Road, and the members of the putative class, who are current and former employees of Defendants, in furtherance of the public works contracts entered into by Defendants, transported asphalt, gravel and/or dirt to and from public job sites and performed other labor there as well, were not paid the relevant prevailing wages and fringe benefits.

32. Plaintiff and the putative class were not paid the prevailing wage rate and supplements for the county in which they were working under the Illinois Prevailing Wage Act. But for this proposed class action, individual current or former employees of Defendants would not have the means, financial or otherwise, to address their wage claims against the Defendants herein.

33. Defendants' refusal to pay Plaintiff Miller and the putative class the relevant prevailing wages and fringe benefits was willful, permitting recovery of statutory penalties of two percent (2%) per month, pre-judgment interest and attorneys' fees under Illinois law.

34. Plaintiff Miller seeks the certification of a class of plaintiffs consisting of:
> "All non-union employees of Defendants who drove a truck and transported materials such as asphalt, gravel and/or dirt who did not receive the proper

prevailing wage rate and/or overtime pay at the rate of time and one-half their regular rate (i.e., the prevailing wage rate) of pay for all hours worked in excess of forty in a workweek on non-federal public projects at any time during the five years prior to the filing of this case until the entry of judgment in violation of the Illinois Prevailing Wage Act and/or the Illinois Minimum Wage Law."

### INDIVIDUAL FACTUAL ALLEGATIONS

35. Plaintiff Miller worked driving a truck and transporting materials such as asphalt, gravel and/or dirt on private and non-federal public projects in the State of Illinois from November 2020 to December 2022. In addition to driving a truck and transporting materials, Miller performed other excavation and contractor's tasks and duties.

36. Plaintiff Miller performed this work with other people who did the same type of work as he did.

37. Hunter Ezell and./or Walter Ezell assigned Plaintiff Miller and his colleagues their job tasks, told them what to do, told them how to do it, and supervised them.

38. Hunter Ezell is and has been a supervisory employee of Open Road and/or Illiana during the time that Plaintiff Miller was performing the above job tasks on the Public Work Projects.

39. Plaintiff Miller performed the above-described work on various public work sites including but not limited to, Illinois Department of Transportation (IDOT) roadways and local roads in Champaign, Piatt, Dewitt, Douglas and Vermillion Counties. Plaintiff Miller also performed the above-described work on and within public parks and local publicly owned airports.

40. Plaintiff and his colleagues worked on the above-described public job sites

pursuant to general contracts entered into between IDOT and the local counties and Open Road and/or Illiana.

41. Open Road and/or Illiana, by and through its supervisory employees, such as Hunter Ezell, subcontracted with Ezell and/or Doe Companies 1-10 to also perform the trucking, transportation of materials and excavation work on the aforementioned Public Work Projects.

42. Hunter Ezell supervised Plaintiff Miller and the members of the putative class on these public job sites.

43. Plaintiff Miller and the members of the putative class used trucks, tools and equipment owned or leased by Ezell and/or Doe Companies 1-10.

44. Plaintiff Miller and the members of the putative class were required to fill out Open Road marked time sheets to get paid.

45. Plaintiff Miller was paid for his work on checks issued by Ezell.

46. Hunter Ezell, in his capacity as Open Road and Illiana supervisors, had the power to hire and fire Plaintiff Miller (which Hunter Ezell did), supervise and control his work and determine the rate and method of payment, which they did.

47. Whether contained in the public works contracts, on a purchase order or on a separate document annexed or not but considered part of the public works contracts, Defendants stipulated and agreed that it would pay its employees prevailing wages and fringe benefits as specified in the Illinois Department of Labor prevailing wage schedules.

48. Defendants are responsible for paying Plaintiff Miller and the putative class the relevant prevailing wages and fringe benefits under Illinois law regardless of whether the public body or entity Defendants contracted with provided it with notice to pay prevailing wages and supplements.

49. Under the Illinois Prevailing Wage Act, employees covered by the Act shall be paid "a wage of no less than the prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed…" 820 I.L.C.S. Sec.130/1.

50. Rather than pay Plaintiff Miller and the putative class the Truck Driver 1 prevailing wage and benefit rate for the county where the work was performed, which was approximately $32-$34 per hour in wages and $23 in benefits, Defendants paid them $24 per hour and no payment at all for benefits in violation of Illinois law.

51. Plaintiff Miller and the putative class often worked more than 40 hours in a week and often on Saturdays, without a lunch break, and Defendants failed to play them time and one-half the regular rate (*i.e.,* the prevailing wage rate), that being approximately $48-$51 per hour in wages.

### FIRST CAUSE OF ACTION

**(Fair Labor Standards Act)**

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 herein.

53. Defendants engaged in a widespread pattern or practice of violating the FLSA, 29 U.S.C. Sec. 201 *et seq.*

54. Plaintiff Miller consents in writing to be a party to this action, pursuant to 29 U.S.C. Sec. 216(b). Miller's written consent is Exhibit 1 to this Complaint.

55. At all times relevant to this action, Plaintiff Miller and the putative class were employed by Defendants within the meaning of the FLSA, 29 U.S.C. Sec. 203.

56. At all times relevant to this action, Plaintiff Miller and the putative collective class were engaged in commerce and either individually or as an enterprise within the meaning

of the FLSA, 29 U.S.C. Sec. 206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiff Miller and the putative collective class overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (Truck Driver 1 rate) for each hour worked in excess of forty in a workweek, in violation of the FLSA, 29 U.S.C. Sec. 207(a)(1).

58. Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

59. Due to the FLSA violations committed by the Defendants, Plaintiff Miller and the collective class have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. Sec. 216(b).

<u>SECOND CAUSE OF ACTION</u>

**(Violation of the Illinois Prevailing Wage Act)**

60. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 59 herein.

61. Defendants entered into a number of contracts with public entities or publically funded entities to perform work on public highways, roads, parks and airports located in Illinois. Defendants also entered into what amounted to subcontracts with and amongst each other to perform this public work.

62. Pursuant to said contracts and the Illinois Prevailing Wage Act, Defendants were and remain legally obligated by law to pay its employees working on these public projects, like Plaintiff Miller, no less than the general prevailing wages and fringe benefits paid for such work in the locality in which the work is performed.

63. Plaintiff Miller and the putative class of Defendants' employees drove trucks and transported materials such as asphalt, gravel and/or dirt on and to/from non-federal public projects in Illinois and were paid less than the prevailing wages and fringe benefits required by the Illinois Prevailing Wage Act and the relevant prevailing wage schedules issued by the Illinois Department of Labor.

64. Defendants' violation of the Illinois Prevailing Wage Act, by failing to pay plaintiff and the putative class prevailing wages and fringe benefits, was willful and authorizes the recovery of statutory penalties of two percent (2%) per month, pre-judgment interest and attorneys' fees under Illinois law.

65. As a result of its violation of the Illinois Prevailing Wage Act, Defendants are liable to plaintiffs and the other members of the putative class in an amount yet to be determined but believed to exceed $500,000.00 plus interest.

## THIRD CAUSE OF ACTION

### (Illinois Minimum Wage Law)

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 65 herein.

67. At all times relevant to this action, Plaintiff Miller and the putative class were employed by Defendants within the meaning of the Illinois Minimum Wage Law.

68. Defendants willfully violated the rights of Plaintiff and the putative class members by failing to pay them overtime compensation at rates of not less than one and one half their regular rate of pay (Truck Driver 1 rate) for each hour worked on public job sites in excess of forty in a workweek, in violation of the Illinois Minimum Wage Law.

69. Defendants willfully violated the rights of Plaintiff Miller and the putative class

members by failing to pay them wages due and owing for work performed in violation of the Illinois Minimum Wage Law.

70. Because Defendants violated the Illinois Minimum Wage Law, that law entitles Plaintiff and the putative class to treble damages and payment of statutory penalties of 2 percent or 5 precent per month (depending on whether the wages are within the scope of the 2019 amendment to the Illinois Minimum Wage Law in Illinois Public Act 101-001). That law also entitles Plaintiff and the putative class to attorneys' fees. Finally, Plaintiff and the putative class are entitled to pre-judgment interest under Illinois law.

71. Due to the Illinois Minimum Wage Law overtime violations committed by Defendants, Plaintiff and the putative class members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief available under Illinois law.

WHEREFORE, Plaintiff and the putative class of similarly situated former and current employees of Defendants who worked on Illinois public job sites demand judgment as follows:

a. That at the earliest possible time, Plaintiff be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court supervised notice, been employed by Defendants as a non-union employee driving trucks and transporting materials such as asphalt, gravel and/or dirt on and to/from non-federal public projects in Illinois.

b. Certification of the proposed class, defined as described above in paragraph 34 and

issuance of notice pursuant to Rule 23, as soon as possible to all similarly situated former and current Defendants' non-union employees employed since January 6, 2018;

 c. Damages in an amount in excess of $500,000;

 d. Statutory damages in the amount of 2% or 5% per month (depending on whether the wages are within the scope of the 2019 amendment to the Illinois Minimum Wage Law in Illinois Public Act 101-001);

 e. Treble damages under Illinois law depending on whether the wages are within the scope of the 2019 amendment to the Illinois Minimum Wage Law in Illinois Public Act 101-001);

 f. Pre-judgment interest pursuant to Illinois law;

 g. Attorneys' fees and costs associated with this action; and,

 h. All other relief that this court deems appropriate.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Plaintiff Benjamin Kyle Miller and proposed collective and class

By:   s/David L. Lee
David L. Lee
LAW OFFICES OF DAVID L. LEE
542 S. Dearborn St., #660
Chicago, IL 60605
312-952-1321
d-lee@davidleelaw.com

Bruce E. Menken, LEAD COUNSEL
bmenken@nyemployeelaw.com
(Will move for admission to bar of this Court)
Jason J. Rozger
jrozger@nyemployeelaw.com
(Will move for admission to bar of this Court)
MENKEN SIMPSON & ROZGER LLP
80 Pine Street, 33rd Floor
New York, NY 10005
212-509-1616