E-FILED
Tuesday, 11 April, 2023 03:31:22 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

--------------------------------------------------------------------------X

BENJAMIN KYLE MILLER, individually and on behalf of all other persons similarly situated,

**CIVIL ACTION NO.: 2:23-CV-02008-CSB-EIL**

**JUDGE COLIN STIRLING BRUCE**

Plaintiffs,

-against-

EZELL EXCAVATING INC., CHAMPAIGN ASPHALT COMPANY, LLC d/b/a ILLIANA CONSTRUCTION CO., OPEN ROAD PAVING COMPANY, LLC. and JOHN DOE COMPANIES 1-10,

Defendants.

--------------------------------------------------------------------------X

**DEFENDANTS OPEN ROAD PAVING COMPANY, LLC'S AND CHAMPAIGN ASPHALT COMPANY, LLC D/B/A ILLIANA CONSTRUCTION'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Open Road Paving Company, LLC ("Open Road") and Champaign Asphalt Company, LLC d/b/a Illiana Construction ("Champaign Asphalt") (together, "Answering Defendants"), for their Answer and Defenses to Plaintiff's First Amended Class and Collective Action Complaint and Demand for Jury Trial ("Complaint"), deny each allegation, claim, and thing set forth in the Complaint, except as hereafter expressly admitted, qualified, or explained.

**PRELIMINARY STATEMENT**

1. Answering Defendants admit Plaintiff purports to bring collective and class claims on behalf of himself and others for prevailing wage, fringe benefits, minimum wage, and overtime wage violations under federal and Illinois law. Answering Defendants deny this action is

appropriate for collective or class action treatment, deny the action should be maintained on behalf of any person other than Plaintiff, and deny any liability to Plaintiff or others for the acts alleged in the Complaint. Answering Defendants further deny any remaining allegations in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Answering Defendants admit the allegations in Paragraph 2 of the Complaint.

**PARTIES**

3. Answering Defendants admit it retained Defendant Ezell to provide trucking services for the delivery of materials to Answering Defendants' job sites. Answering Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny them.

5. Answering Defendants deny Champaign Asphalt is a "construction company" or that Champaign Asphalt owns and operates at least five dump trucks. Answering Defendants admit the remaining allegations in Paragraph 5 of the Complaint.

6. Answering Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Answering Defendants admit that Champaign Asphalt Company, LLC is a member of Open Road Paving Company, LLC and admit Champaign Asphalt owns the "majority of shares" of Open Road. Answering Defendants admit the remaining allegations in Paragraph 7 of the Complaint.

8. Answering Defendants deny Joseph Lamb is the Chief Executive Officer of both Champaign Asphalt Company, LLC and Open Road Paving Company, LLC. Answering Defendants admit the remaining allegations in Paragraph 8 of the Complaint.

9. Answering Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Answering Defendants deny they have not disclosed to Plaintiff their current corporate structures. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore deny them.

**CLASS ALLEGATIONS**

(FLSA Collective Action)

11. Answering Defendants admit Paragraph 11 of the Complaint contains Plaintiff's description of the collective action he seeks to pursue. Answering Defendants deny this case is properly brought or maintained as a collective action and deny any remaining allegations in Paragraph 11 of the Complaint.

12. Answering Defendants deny the allegations in Paragraph 12 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore deny them.

(Rule 23 Class Action)

13. Answering Defendants admit Paragraph 13 of the Complaint contains Plaintiff's description of the class action he seeks to pursue. Answering Defendants deny this case is properly brought or maintained as a Rule 23 action and deny any remaining allegations in Paragraph 13 of the Complaint.

14. Answering Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Answering Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Answering Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny them.

18. Answering Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Answering Defendants deny the allegations in Paragraph 19 of the Complaint and its subsections.

## COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS

20. Answering Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Answering Defendants admit that each has entered into one or more contracts with various government entities since 2017. Answering Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. Answering Defendants admit that each has entered into one or more agreements for trucking services with Defendant Ezell, and that it has utilized those services in connection with public works projects. Answering Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. Answering Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Answering Defendants deny the allegations in Paragraph 24 of the Complaint.

25. To the extent Paragraph 25 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants admit only that they appropriately paid their direct employees pursuant to applicable prevailing wage laws and deny any remaining allegations in Paragraph 25 of the Complaint.

26. Answering Defendants admit only that they complied with all applicable laws. Answering Defendants deny any remaining allegations in Paragraph 26 of the Complaint.

27. Answering Defendants admit only that they appropriately paid their direct employees working on public works projects in accordance with the applicable collective bargaining agreements. Answering Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Answering Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Answering Defendants admit the Plaintiff has largely accurately quoted 820 I.L.C.S. § 130/1. To the extent Paragraph 29 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants deny any remaining allegations in Paragraph 29 of the Complaint.

30. Answering Defendants admit the Plaintiff has accurately quoted 820 I.L.C.S. § 130/3. To the extent Paragraph 30 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31. To the extent Paragraph 31 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants deny they employed Plaintiff or jointly employed any members of the putative collective or class actions together with Ezell, and deny any remaining allegations in Paragraph 31 of the Complaint.

32. Answering Defendants deny they employed Plaintiff or jointly employed any members of the putative collective or class actions together with Ezell, and deny any remaining allegations in Paragraph 32 of the Complaint.

33. Answering Defendants deny the allegations in Paragraph 33 of the Complaint to the extent "Defendants" means Answering Defendants. Answering Defendants lack information

sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and therefore deny them.

34. Answering Defendants admit Paragraph 34 of the Complaint contains Plaintiff's description of the class action he seeks to pursue. Answering Defendants deny this case is properly brought or maintained as a Rule 23 action and deny any remaining allegations in Paragraph 34 of the Complaint.

## INDIVIDUAL FACTUAL ALLEGATIONS

35. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny them.

36. Answering Defendants lack information sufficient to form a reasonable belief as to the allegations in Paragraph 36 of the Complaint and therefore deny them.

37. Answering Defendants deny Hunter Ezell, in his capacity as a supervisor for Answering Defendants, assigned job tasks to Plaintiff or other Ezell employees, or that he told those individuals what to do, how to do it, or supervised them. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 37 of the Complaint and therefore deny them.

38. Answering Defendants admit Hunter Ezell is a union-represented employee employed by Champaign Asphalt. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 38 of the Complaint and therefore deny them.

39. Answering Defendants lack information sufficient to form a reasonable belief as to the allegations in Paragraph 39 of the Complaint and therefore deny them.

40. Answering Defendants lack information sufficient to form a reasonable belief as to the allegations in Paragraph 40 of the Complaint and therefore deny them.

41. Answering Defendants admit they have entered into one or more contracts for trucking services with Defendant Ezell. Answering Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. Answering Defendants deny Hunter Ezell supervised Miller or other putative class members in his capacity as an employee of Champaign Asphalt. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint and therefore deny them.

43. Answering Defendants lack information sufficient to form a reasonable belief as to the allegations in Paragraph 43 of the Complaint and therefore deny them.

44. Answering Defendants admit that they asked Defendant Ezell to submit information regarding time its workers spent driving on projects for Answering Defendants for the purpose of supporting Defendant Ezell's invoices to Answering Defendants, and that such information was submitted on documentation bearing Open Road's name. Answering Defendants deny they imposed any requirements regarding how or where Defendant Ezell's employees tracked their total time worked. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint and therefore deny them.

45. Answering Defendants lack information sufficient to form a reasonable belief as to the allegations in Paragraph 45 of the Complaint and therefore deny them.

46. Answering Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Answering Defendants admit only that they appropriately paid their direct employees working on public works projects in accordance with the applicable collective bargaining agreements. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and therefore deny them.

48. Answering Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Answering Defendants admit the Plaintiff has largely accurately quoted 820 I.L.C.S. § 130/1. To the extent Paragraph 49 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants deny any remaining allegations in Paragraph 49 of the Complaint.

50. Answering Defendants deny the allegations in Paragraph 50 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 50 of the Complaint and therefore deny them.

51. Answering Defendants deny the allegations in Paragraph 51 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 51 of the Complaint and therefore deny them.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act)

52. Answering Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 51 of the Answer as though set forth fully herein.

53. Answering Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Answering Defendants admit Plaintiff has filed a document captioned "Consent to Join Action" purportedly signed by Plaintiff. Answering Defendants lack information sufficient to form a reasonable belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint and therefore deny them.

55. To the extent Paragraph 55 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants deny any remaining allegations in Paragraph 55 of the Complaint.

56. To the extent Paragraph 56 of the Complaint contains conclusions of law, no answer is necessary. To the extent additional response is required, Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 56 of the Complaint and therefore deny them.

57. Answering Defendants deny the allegations in Paragraph 57 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 57 of the Complaint and therefore deny them.

58. Answering Defendants deny the allegations in Paragraph 57 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 58 of the Complaint and therefore deny them.

59. Answering Defendants deny the allegations in Paragraph 59 of the Complaint.

**SECOND CAUSE OF ACTION**

**(Violation of the Illinois Prevailing Wage Act)**

60. Answering Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 59 of the Answer as though set forth fully herein.

61. Answering Defendants admit only that each has entered into one or more contracts and/or subcontracts with various government and other entities, including Ezell. Answering Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62. Answering Defendants deny the allegations in Paragraph 62 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 62 of the Complaint and therefore deny them.

63. Answering Defendants deny the allegations in Paragraph 63 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 63 of the Complaint and therefore deny them.

64. Answering Defendants deny the allegations in Paragraph 64 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 64 of the Complaint and therefore deny them.

65. Answering Defendants deny the allegations in Paragraph 65 of the Complaint.

**THIRD CAUSE OF ACTION**

**(Illinois Minimum Wage Law)**

66. Answering Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 65 of the Answer as though set forth fully herein.

67. Answering Defendants deny the allegations in Paragraph 67 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 67 of the Complaint and therefore deny them.

68. Answering Defendants deny the allegations in Paragraph 68 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 68 of the Complaint and therefore deny them.

69. Answering Defendants deny the allegations in Paragraph 69 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 69 of the Complaint and therefore deny them.

70. Answering Defendants deny the allegations in Paragraph 70 of the Complaint to the extent the term "Defendants" means Answering Defendants. Answering Defendants lack information sufficient to form a reasonable belief as to the remaining allegations in Paragraph 70 of the Complaint and therefore deny them.

71. Answering Defendants deny the allegations in Paragraph 71 of the Complaint.

WHEREFORE, Answering Defendants pray that Plaintiff takes nothing and that this Court (i) enter judgment in favor of Answering Defendants and (ii) grant Answering Defendants such other relief as this Court deems just and equitable.

**JURY DEMAND**

Answering Defendants admit Plaintiff requests a trial by jury. Whether Plaintiff is entitled to a jury trial is a legal question to which no response is required.

**AFFIRMATIVE AND OTHER DEFENSES**

For its affirmative and other defenses to Plaintiffs' Complaint, Answering Defendants state and alleges as follows:

A. Answering Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 71 of the Answer as though set forth fully herein.

B. Plaintiff's Complaint fails, in whole or in part, to state a claim against Answering Defendants upon which relief can be granted.

C. Plaintiff's Complaint fails, in whole or in part, because he is not entitled to earn the prevailing wage under applicable law.

D. Plaintiff's state law claims are barred because they are preempted by federal law.

E. The Complaint fails to state a cognizable class under any applicable rule or law governing the maintenance of class and/or collective actions.

F. This action is not a proper collective action, and cannot be properly certified as such, because Plaintiff cannot establish the existence of each of the requirements under 29 U.S.C. § 216(b) or other relevant legal authority.

G. This action is not a proper class action, and cannot be properly certified as such, because the named Plaintiff cannot establish the existence of each of the requirements under

Federal Rule of Civil Procedure 23 or other relevant legal authority for the putative class he seeks to represent.

H.	Some or all of the claims of the Plaintiff, the collective action members, and/or the putative class members are barred, in whole or in part, by the applicable statute of limitations.

I.	Plaintiff's claims and the claims of the collective action members and/or the putative class members, or some of them, are barred in whole or in part by the doctrine of unclean hands and *in pari delicto*.

J.	Answering Defendants are not liable to Plaintiff because they were never and are not currently the direct, indirect, or joint employer of Plaintiff or any other potential members of the putative classes or collective groups Plaintiff purports to represent under the FLSA and Illinois law, or any other applicable statute or common law principle.  For this and other reasons, their claims are barred in whole or in part because they lack standing.

K.	The claims of Plaintiff, and the potential members of the putative classes Plaintiff purports to represent, are barred to the extent Plaintiffs and putative class members were paid in accordance with the FLSA and applicable state law.

L.	At all times relevant to this action, Answering Defendants acted in good faith, on reasonable grounds, and with reasonable belief that they were in full compliance with the FLSA and all state wage and hour laws applicable to this action.

M.	If Answering Defendants engaged in the unlawful acts and/or omissions alleged in the Complaint, which Answering Defendants deny, they did not do so willfully.

N.	Some or all of the claims asserted by Plaintiff and any collective or putative class action members are barred by the doctrine of estoppel.

O. Answering Defendants are not liable for the alleged damages because, if any person or entity, including Ezell and/or Hunter Ezell, engaged in intentional, willful, or unlawful conduct as alleged in the Amended Complaint, he/she/it did so without knowledge, authorization, or ratification by Answering Defendants.

P. To the extent discovery reveals that Plaintiff have previously received compensation for alleged unpaid wages in connection with, or as a result of, a payment supervised by the United States Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Answering Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiff. This defense may also apply to the purported claims of some or all of the potential members of the putative classes that Plaintiff purports to represent.

Q. Plaintiff's claims, and the claims of the collective action members and/or the putative class members, are subject to judicial estoppel to extent those claims were not disclosed during any bankruptcy proceedings.

R. Answering Defendants gives notice that it intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendants Open Road Paving Company, LLC and Champaign Asphalt Company, LLC d/b/a Illiana Construction prays for judgment in their favor, for their costs and expenses incurred herein, and for such other relief as this Court deems just and equitable.

Dated: April 11, 2023

FAEGRE DRINKER BIDDLE & REATH LLP
s/ *Cheryl D. Orr*

Cheryl D. Orr
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
cheryl.orr@faegredrinker.com

Samantha M. Rollins
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
samantha.rollins@faegredrinker.com

Alexander E. Preller, IL Bar #6322762
320 S. Canal St., Ste. 3300
Chicago, Illinois 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501
alex.preller@faegredrinker.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby states that on April 11, 2023, she filed the foregoing document using the CM/ECF Filing System, which will send an email notification to the attorneys listed below.

David L. Lee
**LAW OFFICES OF DAVID L. LEE**
542 S. Dearborn St., #660
Chicago, IL 60605
Telephone: 312-952-1321
Email: d-lee@davidleelaw.com
*Counsel for the Plaintiff and the Putative Class*

Bruce E. Menken
**MENKEN SIMPSON & ROZGER LLP**
80 Pine St., 33rd Floor
New York, NY 10005
Telephone: 212-509-1616
Email: bmenken@nyemployeelaw.com
*Counsel for the Plaintiff and the Putative Class*

James A. Martinkus
**ERWIN, MARTINKUS, & COLE, LTD.**
411 West University Avenue
P.O. Box 1098
Champaign IL 61824-1098
Telephone: 217-351-4040
Email: jim.martinkus@erwinlaw.com
*Counsel for Defendant Ezell Construction, Inc.*

s/ *Cheryl D. Orr*
Cheryl D. Orr