UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN KYLE MILLER, individually and on behalf of all other persons similarly situated,<br><br>   Plaintiffs,<br>  v.<br>EZELL EXCAVATING, INC., CHAMPAIGN ASPHALT COMPANY, LLC d/b/a ILLIANA CONSTRUCTION, OPEN ROAD PAVING COMPANY, LLC. and JOHN DOE COMPANIES 1-10,<br><br>   Defendants. | Case No.: 2:23-cv-02008 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EZELL EXCAVATING INC.'S, 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant, Ezell Excavating Inc., by its counsel, James. A. Martinkus, of Erwin Martinkus & Cole, Ltd., states the following for its Memorandum in Support of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss First Amended Complaint:

### INTRODUCTION

The Plaintiff, Benjamin Kyle Miller, (hereinafter "Miller") brings his claims against the Defendants, Ezell Excavating Inc., Champaign Asphalt Company, LLC d/b/a Illiana Construction, Open Road Paving Company, LLC. and John Doe Companies 1-10. The underlying facts giving rise to the claim as pled by the plaintiff form an independent basis upon which defendant, Ezell moves for failure to state a claim upon which relief can be granted.

In essence, Miller claims that defendant Ezell violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 2101 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Prevailing Wage Act ("IPWA"), 820 ILCS 130, *et seq.* Miller alleges that Ezell was subject to the pay requirements of the Illinois Prevailing Wage Act and failed to pay him the prevailing wage for the work he did. He then alleges that as a result of the violation of the IPWA Ezell also violated that Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law based upon Ezell's failure to pay prevailing wages. Accordingly, if Mr. Miller fails on his prevailing wage claim he *ipso facto* fails on the Federal and Illinois minimum wage claims.

In support of his claim that the defendants violated the IPWA he pleads the following in Paragraph 63:

> 63. Plaintiff, Miller, and the putative class of Defendant's employees drove trucks and transported materials such as asphalt, gravel and/or dirt on and to/from non-federal public projects in Illinois and were paid less than the prevailing wages and fringe benefits required by the Illinois Prevailing Wage Act and the relevant prevailing wage schedules issued by the Illinois Department of Labor.

This is Miller's basis to claim that defendants were subject to the pay requirements of the IPWA. As set forth in the Argument section below, truck drivers of suppliers and sellers or their agents are specifically exempt from the IPWA.

Furthermore, Miller alleges in paragraphs 21 and 40 that only defendants Open Road and Illiana were contractors or subcontractors with government agencies.

21. Since at least 2017, Defendants Open Road (formerly known as Champaign Asphalt) and Illiana have entered into certain contracts, either as a subcontractor or prime contractor, with certain government agencies (e.g., Douglas County, Dewitt County and Illinois Department of Transportation), or with prime contractors not currently known, to furnish labor, material and equipment to perform excavation and paving work on the Public Work Projects.

40. Plaintiff and his colleagues worked on the above-described public job sites pursuant to general contracts entered into between IDOT and the local counties and Open Road and/or Illiana.

## ARGUMENT

Standard

The Federal Courts have identified the standard for this Court to use in evaluating a 12(b)(6) motion to dismiss:

> A motion to dismiss under Federal Rule of Civil Procedure 12(b)96) "challenges the sufficiency of the complaint to state a claim upon which relief can be granted."

Hallinan v Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). In ruling on a motion to dismiss, the Court construes the complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in [their] favor." Reger Dev., LLC v. Nat'l City Bank, 592 F.2d 759, 763 (7th Cir. 2010).

*Clanton v. VCNA Prairie, Inc.,* 934 F. Supp.2d 951, 952, 2013 WL 252118 (N.D. Ill. 2013).

**I. Illinois Prevailing Wage Claim**

In relevant part section 130/3 of the Illinois Prevailing Wage Act, 820 ILCS 130/3 states as follows:

> Only such laborers, workers and mechanics as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job, and laborers, workers and mechanics engaged in the transportation of materials and equipment to or from the site, but not including the transportation by the sellers and suppliers or the manufacture or processing of materials or equipment, in the execution of any contract or contracts for public works with any public body shall be deemed to be employed upon public works.

A straightforward reading of the statute shows that the defendant, Ezell, did not come within it. Miller has clearly alleged that Ezell is not a contractor or subcontractor engaged in actual construction work.

Accordingly, Mr. Miller's employment with Ezell does not come within the category of direct employment by contractor or subcontractor engaged in actual construction work. In addition, such direct employment must be "in actual construction work on the site of the building or construction job." There is no allegation in the First Amended Complaint that Ezell was so engaged. The Act then includes those laborers who engage in transportation of materials directly from the contractor or subcontractor but "not including" transportation by suppliers in the execution of any contract or contracts for public works.

Miller's own allegations clearly assert that Ezell was a sub-agent of sellers or suppliers, Champaign Asphalt/Illiana or Open Road.

The case of *Sparks & Wiewell Construction Company v. Martin*, 250 Ill.App.3d 955, 620 N.E.2d 533, 189 Ill.Dec. 565 (4th Dist. 1993) is squarely on point. The *Sparks* court held that truck drivers were excluded from coverage of the act as they were employed by sellers or suppliers, rather than contractions or subcontractors. The court explained, "Clearly the truck drivers in the present case engages in transportation for Adams and Reichert who were sellers or suppliers, not contractors or subcontractors." 250 Ill.App.3d at 965. The court continued:

> The statue is unambiguous and clear in answering this question. Those employed by sellers or suppliers engaged in the transportation of materials are excluded from coverage. The truck drivers fell specifically within the exemption. The fact they dumped the material where it would be used is not

dispositive. They did not perform actual construction work on the site of the construction project.

250 Ill.App.3d at 966.

The United States District Court for the Northern District of Illinois Eastern Division has also addressed this exact issue and has supported the decision in *Sparks*. The district court Judge, Ruben Castello, in *Clanton V. VCNA Prairie, Inc.*, 934 F.Supp.2d 951(2013) was presented with a 12(b)(6) Motion to Dismiss by the Defendants. The claim was brought by Field Supervisors against a material supply company, alleging violations of the Fair Labor Standards act (FLSA), Illinois Minimum Wage Law (IMWLD), and Illinois Prevailing Wage Act (IPWA). In determining whether or not to grant the Motion to Dismiss the Court made reference to the *Sparks* case:

> Plaintiffs ignore the clear holding in *Sparks*, which is that "*only employees of contractors or subcontractors* are covered by the [IPWA]. Suppliers or sellers engaged in the transportation of materials are excluded." 189 Ill.Dec. 565, 620 N.E.2d at 542. The *Sparks* court denied the truck drivers' IPWA claims because, as employees of a materials supplier rather than a contractor or subcontractor, they "fell specifically within the exemption" identified in the statute. *Id.,* 189 Ill.Dec. 565, 620 N.E.2d at 541. Plaintiffs were, by their own allegations, employees of a materials supplier, and thus they likewise fall within this exemption.

934 F.Supp.2d at 953.

In looking at Miller's minimum wage claim, it is important to keep in mind that Miller never alleges that he failed to get paid 1 ½ times his regular rate of pay for ovetime. What he argues is his regular rate of pay should have been the prevailing wage rate. See paragraph 11 of First Amended Complaint.

## II. Federal Minimum Wage Claim

29 U.S.C. §206 sets forth the Minimum Wage that Miller would be entitled to because he does not come within the Prevailing Wage Act. The Federal minimum wage states as follows:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> 1. except as otherwise provided in this section, not less than--
>
>    $5.85 an hour, beginning on the 60th day after May 25th, 2007;
>
>    $6.55 an hour, beginning 12 months after that 60th day; and
>
>    $7.25 and hour, beginning 24 months after that 60th day

The Plaintiff himself pled as follows in Paragraph 50:

> 50. Rather than pay Plaintiff Miller and the putative class Truck Driver 1 prevailing wage and benefit rate for the county where the work was performed, which was approximately $32-$34 per hour in wages and $23 in

benefits, Defendants paid them $24 per hour and no payment at all for benefits in violation of Illinois Law.

Obviously the $24 per hour pay far exceeds the time and a half over time payment under this Minimum Wage Act.

### III. The Illinois Minimum Wage Act

The Illinois Minimum Wage Act is found at 820 ILCS 105 *et seq*. Section 4(a)(1) in relevant part states:

> Every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $9.25 per hour, and from July 1, 2020 through December 31, 2020 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $11 per hours, and from January 1, 2022 through December 31, 2022 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $12 per hour.

Once again, Miller alleged he was paid $24 per hour for regular time which is double the minimum wage under the Illinois Minimum Wage Act.

## CONCLUSION

Wherefore, for all the reasons stated above, Plaintiff's First Amended Complaint fails to state a claim against the Defendant, Ezell, and this Court should grant Ezell's 12(b)(6) Motion to Dismiss First Amended Complaint, for costs, and for all other just and equitable relief.

By: /s/**James A. Martinkus**
James A. Martinkus
Bar Number: 21116 IL
Attorney for Defendant Ezell Construction, Inc.
Erwin, Martinkus & Cole, Ltd.
411 West University Avenue
P.O. Box 1098
Champaign, IL  61824-1098
(217) 351-4040
FAX 217-351-4314
jim.martinkus@erwinlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and are registered as CM/ECF participants in this matter, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None

BY: s/**James A. Martinkus**
James A. Martinkus
Bar Number: 21116 IL
Attorney for Defendant Ezell Construction, Inc.
Erwin, Martinkus & Cole, Ltd.
411 West University Avenue
P.O. Box 1098
Champaign IL  61824-1098
(217) 351-4040
FAX 217-351-4314
jim.martinkus@erwinlaw.com
