UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
-----------------------------------------------------------------------X
BENJAMIN KYLE MILLER, individually and on behalf
of all other persons similarly situated,

                                           Plaintiffs,

                                                                                  CIV. NO. 2:23-cv-02008

       -against-

EZELL EXCAVATING INC., CHAMPAIGN ASPHALT
COMPANY, LLC d/b/a ILLIANA
CONSTRUCTION, OPEN ROAD PAVING
COMPANY, LLC. and JOHN DOE COMPANIES 1-10,

                                        Defendants.
-----------------------------------------------------------------------X

**<u>PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
EZELL'S MOTION TO DISMISS THE COMPLAINT</u>**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT.................................................................................................................... 1

   A. Standard for a Motion to Dismiss ............................................................................ 1

   B. Plaintiffs State a Claim for Violation of the IPWA ................................................. 2

   C. Plaintiffs State Claims under the FLSA and IMWL................................................ 5

III. CONCLUSION................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Clanton v. VCNA Prairie, Inc.*, 934 F. Supp. 2d 951 (N.D. Ill. 2013) ............................................. 3
*Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767 (N.D. Ill. 2015) ......................... 3
*Garecht v. Pro. Transportation, Inc.*, No. 14-cv-0378 (SMY)(DGW), 2015 WL 72463 (S.D. Ill. Jan. 5, 2015) ..................................................................................................................... 4
*Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009) ........... 1
*Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759 (7th Cir. 2010) ............................................... 1
*Sparks & Wiewel Const. Co. v. Martin*, 250 Ill. App. 3d 955, 620 N.E.2d 533 (Ill. App. Ct. 1993) ........................................................................................................................................ 3, 4
*Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir.2010) ............................................................... 2
*Tamayo v. Blagojevich,* 526 F.3d 1074 (7th Cir. 2008) ................................................................. 2

**Statutes**

29 U.S.C. § 201 ............................................................................................................................... 1
820 ILCS 105/1 ............................................................................................................................... 1
820 ILCS 130/3 ............................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

## I. PRELIMINARY STATEMENT

Defendant Ezell Excavating Inc. ("Ezell") has moved to dismiss the Complaint in this action, claiming Plaintiffs fail to state a claim because Ezell falls under a provision of the Illinois Prevailing Wage Act ("IPWA") which exempts transportation of materials by "sellers and suppliers" from Illinois' prevailing wage requirements. *See* 820 ILCS 130/3. However, because Plaintiff has clearly alleged that Ezell is a subcontractor, and not a seller or supplier, the exemption claimed by Ezell does not apply and Ezell is required to pay Plaintiffs the prevailing wage. Because of this requirement, Ezell is also liable to Plaintiffs for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, due to its failure to pay overtime at a rate of time and one half the required prevailing wage rate.[1]

## II. ARGUMENT

Plaintiffs readily surmount the "two easy-to-clear hurdles" required to defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Because Plaintiffs adequately allege a claim that Ezell violated the IPWA, their claims under the FLSA and IMWL should also not be dismissed.

### A. Standard for a Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief can be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In ruling on a motion to dismiss, the Court construes the complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in [their] favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). To survive a

---

[1] As stipulated by all parties, see ECF No. 18, Ezell's Motion to Dismiss Plaintiff's original Complaint is treated as a motion to dismiss Plaintiff's First Amended Complaint, ECF No. 21.

motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief,[2] raising that possibility above a 'speculative level[.]' " *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008).

### B. Plaintiffs State a Claim for Violation of the IPWA

Ezell contends that Plaintiffs fail to allege it is a contractor or subcontractor and that, therefore, it is exempt from the prevailing wage requirements of the IPWA, 820 Ill. Comp. Stat. § 130/3 because it is a "supplier" or "seller." *See* ECF No. 15, p. 2. This is simply not true based on a thorough reading of Plaintiffs' Complaint. ECF No. 1.

Plaintiffs clearly allege that Ezell "is a privately owned *construction company*," not simply a supplier or seller of construction materials. *Id.* at ¶ 4. Plaintiffs further identify as one of several issues of law and fact common to the class, the question "whether certain Defendants entered into what amounted to subcontracts with each other [] to transport asphalt, gravel, and/or dirt or perform other labor upon the Public Work Projects," *Id.* at ¶ 19(b), and specifically state that "Defendants Open Road and Illiana have *contracted and/or made agreements with Defendant Ezell* [] to assist in the excavation and paving work it contractually agreed to perform on the Public Work Projects." *Id.* at ¶ 22 (emphasis added); *see also Id.* at ¶ 41 ("Open Road and/or Illiana, by and through its supervisory employees, such as Hunter Ezell, subcontracted with Ezell [] to also perform the trucking, transportation of materials and excavation work on the aforementioned Public Work Projects."). These allegations, taken together, are more than

---

[2] "Plausibility" in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010).

sufficient to place Ezell on notice of the claims against it and to state a plausible claim for relief. *See Tamayo*, 526 F.3d at 1084.

Notably, Plaintiffs are not required to explicitly plead that Ezell is *not* a supplier or seller in order to state a claim under the IPWL. *See, e.g.*, *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 777 (N.D. Ill. 2015) ("A plaintiff need not plead around potential affirmative defenses.") (citation omitted). In *Deschepper*, the Court denied the defendant's motion to dismiss based on its assertion that it fell within the outside salesperson exemption to the FLSA because the plaintiffs had not "pleaded facts that irrefutably demonstrate that the outside salesperson exemption applies." *Id.* Ezell's claim that it falls under the "supplier or seller" exemption to the IPWL is similarly an affirmative defense for which it bears the burden of proof, and is not appropriate for resolution at the motion to dismiss stage.

The two cases cited by Ezell do not counsel a contrary conclusion. In *Sparks & Wiewel Const. Co. v. Martin*, 250 Ill. App. 3d 955, 966, 620 N.E.2d 533, 541 (Ill. App. Ct. 1993), the Plaintiff's employer, called "R.W. Reichert *Trucking*" (emphasis added) was undisputedly a supplier of construction materials. And in *Clanton v. VCNA Prairie, Inc.*, 934 F. Supp. 2d 951, 952-53 (N.D. Ill. 2013), which relied on *Sparks & Wiewel*, the Plaintiffs alleged that their employer was a "material supply company," and that they were employed in the "production of goods" for the company. In contrast, here, Plaintiffs allege that Ezell *Excavation* Inc. "is a privately owned construction company" which was "subcontracted" by Defendants Open Road and/or Illiana to work on public projects. See ECF No. 1 at ¶¶ 4, 22. Moreover, Plaintiffs allege that the work Ezell was subcontracted to perform consisted of "trucking, transportation of materials and excavation work," not simply hauling materials as in *Sparks & Wiewel* or

manufacturing materials as in *Clanton*. *Compare* ECF No. 1 at ¶ 22 *with Sparks & Wiewel*, 250 Ill. App. 3d at 956-57 and *Clanton*, 934 F. Supp. 2d at 953.[3]

The Court in *Garecht v. Pro. Transportation, Inc.*, No. 14-cv-0378 (SMY)(DGW), 2015 WL 72463, at *3 (S.D. Ill. Jan. 5, 2015), drew a similar conclusion, rejecting the defendant's reliance on *Sparks & Wiewel* because in that case, the employee was "clearly excluded from coverage by the plain language of the statute." In contrast, the Court explained, the *Garecht* plaintiff performed transportation duties similar to those of the plaintiff in *Sparks & Wiewel* but was employed by a subcontractor. *Id.* The Court denied the defendant's motion to dismiss, holding that the plaintiff sufficiently stated a claim because he was "not clearly excluded from coverage" under the IPWA. *Id.* The *Garecht* Court's holding is in accord with the current prevailing wage guidance published by the Illinois Department of Labor ("IDOL"): prevailing wage schedules for Champaign County include the position of "Truck Driver - Oil and Chip Resealing," which includes "laborers, workers and mechanics who drive contractor or subcontractor owned, leased, or hired pickup, dump, service, or oil distributor trucks. The work includes ***transporting materials and equipment*** (including but not limited to, oils, aggregate supplies, parts, machinery and tools) to or from the job site; distributing oil or liquid asphalt and aggregate; stock piling material when in connection with the actual oil and chip contract." *See* "Current Prevailing Rates," available at https://labor.illinois.gov/laws-rules/conmed/current-prevailing-rates.html (emphasis added).[4]

---

[3] Notably, Plaintiffs are not required to plead that they performed additional work beyond transporting materials to work sites, as Defendants suggest. *See* ECF No. 15, p. 6. As explained *infra*, the only salient issue is whether Ezell is a subcontractor rather than a seller or supplier. If Ezell is a subcontractor. Plaintiffs' time transporting materials is compensable at the prevailing wage rate per the IDOL's "Current Prevailing Rates," available at https://labor.illinois.gov/laws-rules/conmed/current-prevailing-rates.html.

[4] Moreover, Plaintiffs allege that all Defendants, including Ezell, jointly employed them and/or operated as a single integrated enterprise, thereby alleging that Ezell shares liability for the prevailing and overtime wage violations with the other Defendants, who are undisputedly government contractors. ECF No. 1 at ¶ 19(d); *see Sanchez v. Glob. Parking Mgmt., Inc.*, No. 14-cv-04611, 2015 WL 4429024, at *3 (N.D. Ill. July 20, 2015) (denying employer

### C. Plaintiffs State Claims under the FLSA and IMWL

Defendants' arguments in support of dismissing Plaintiffs' FLSA and IMWL claims depend entirely on a finding that Plaintiffs are not entitled to be paid the prevailing wage rate. See ECF No. 15, pp. 2, 7-8. Therefore, because Plaintiffs have clearly alleged a violation of the IPWA, their claims under the FLSA and IMWL also stand.

### III. CONCLUSION

Therefore, Plaintiffs have adequately alleged claims for violations of the IPWA, FLSA, and IMWL. Plaintiffs respectfully request that Defendants' motion to dismiss be denied, and that the Plaintiffs be granted costs, fees, and expenses together with any further relief the Court deems just and proper.

Dated: New York, New York
July 19, 2023

By: */s/ Bruce Menken*
Bruce Menken
MENKEN SIMPSON & ROZGER LLP
80 Pine Street, 33rd Floor
New York, New York 10005
Ph: (212) 509-1616
Fax: (212) 509-8088

---

defendant's motion to dismiss wage claims where plaintiff alleged liability based on single integrated enterprise theory); *Brown v. ABM Indus., Inc.*, No. 15-cv-6729, 2015 WL 7731946, at *5 (N.D. Ill. Dec. 1, 2015) (same).