UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

------------------------------------------------------------------X
BENJAMIN KYLE MILLER, individually and on        23 Civ. 02008 (CSB)(EIL)
behalf of all other persons similarly situated,
                     Plaintiffs,

EZELL EXCAVATING INC., ILIANA CONSTRUCTION
CO., OPEN ROAD PAVING COMPANY, LLC and
JOHN DOE COMPMANIES 1-10,
                     Defendants.
------------------------------------------------------------------X

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the Plaintiffs and Defendant Ezell Excavating Inc. have entered into a Settlement Agreement; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action; and

WHEREAS, the Court has before it the parties' Motion for Preliminary Approval of Settlement and Memorandum in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant;

**IT IS HEREBY ORDERED AS FOLLOWS:**

    **I.**    *Preliminary Approval of the Settlement Agreement*

    1.    The Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Class and Collective Action Settlement and Release ("Settlement Agreement"), attached as Exhibit A to the Menken Declaration dated September 20, 2024.

2. The terms and conditions of the Settlement Agreement were the result of good faith, arms-length settlement negotiations between experienced counsel, and the parties have met all necessary conditions for preliminary approval to resolve this lawsuit.

**II.** *Conditional Certification of the Class*

3. The below described class is conditionally certified for purposes of settlement pursuant to Rule 23:

> All non-union employees paid by Defendant Ezell Excavating Inc. who drove a truck and transported materials such as asphalt, gravel and/or dirt who were not paid prevailing wages and supplemental benefits, or overtime pay at the rate of time and one-half their regular rate (i.e., the prevailing wage rate) for all hours worked in excess of forty in a workweek on public projects at any time since January 10, 2018 to the time of Preliminary Approval.

4. Rule 23(a)(1) is satisfied because the class of approximately 32 individuals is numerous enough that joinder of all members, whether otherwise required or permitted, is impracticable.

5. Rule 23(a)(2) is satisfied because there are questions of law or fact common to the class which predominate over any questions affecting only individual members.

6. Rule 23(a)(3) is satisfied because the claims of the Plaintiff Benjamin Kyle Miller are typical of the claims of the proposed class.

7. Rule 23(a)(4) is satisfied because Plaintiff Benjamin Kyle Miller will fairly and adequately protect the interests of the class and the proposed Class Counsel have and will continue to adequately prosecute this case on behalf of the class.

8. Rule 23(b)(3) is satisfied because in this wage and hour case questions of law and

fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this case.

    **III.**    <u>*Notice to Settlement Class and Appointment of Settlement Administrator*</u>

    9.    The Court approves the Class Notice attached hereto as Exhibit B to the Menken Affirmation and directs publication to Class Members in accordance with the terms of the Settlement Agreement and this Order.

    10.    Beginning no later than 30 days from the date of this Order, Class Counsel, with the assistance of the Settlement Administrator, shall cause to be disseminated the notices, substantially in the form attached as Exhibit B to the Menken Declaration, in the manner set forth in Section 2 of the Settlement Agreement. Such notice will be completed expeditiously pursuant to the terms of the Settlement Agreement. Class members will have 60 days from the date the notice was mailed to file objections or opt out of the settlement. Prior to the Final Approval Hearing, Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

    11.    The notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of New York and all other applicable laws. The Notices are accurate, objective, informative and provide Class Members with all of the information necessary to make an informed decision regarding their participation in the

settlement and its fairness.

### IV.    *Authorization to Retain the Settlement Administrator*

12.    Class Counsel is authorized to retain RG2, Inc., P.O. Box 59479, Philadelphia, Pennsylvania as Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

### V.    *The Final Approval Hearing*

13.    A hearing on final settlement approval (the "Final Approval Hearing") is hereby scheduled to be held before this Court on <u>February 21, 2025, at 11:00 AM</u>, by video conference, to consider the fairness, the reasonable-ness, and adequacy of the proposed settlement, and the entry of final judgment in this class action. Class Counsel's application for an award of attorney's fees and costs shall be heard at the time of the fairness hearing.

14.    The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court. Class Counsel will advise members of the settlement class of any scheduling issues by way of the settlement website.

15.    Any person that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

16.    Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class member may object to the proposed Settlement, entry of Final Order and Judgment approving the settlement,

4

and Class Counsel's application for fees and expenses by serving a written objection

17.     Any Class member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed Settlement and provide the basis to support such position. It must also contain the words "I object to the settlement in Miller v. Ezell Excavating, Inc., et. al." If an objector intends to appear personally at the Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

18.     Objections, along with any notices of intent to appear, must be filed no later than 60 days from the date of mailing of the Class Notice. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member and each Class Member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

> Clerk of the Court
> U.S. District Court for the
> Central District of Illinois, Urbana Division
> 218 U.S. Courthouse
> 201 So. Vine Street
> Urbana, IL 61802

19.     Objections, along with any notices of intent to appear, must also be mailed to the Settlement Administrator, RG2, Inc., P.O. Box 59479, Philadelphia, Pennsylvania 19102-9479.

20.     Only Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any Class Member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set

forth in the Class Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

21. Class Members wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing. Class Members need not appear at the hearing or take any other action to indicate their approval.

22. Class Members who did not personally and timely request to be excluded from the Class, as set forth in the class notice, are enjoined from proceeding against the Defendants for the claims made in the Complaint.

### VI. *Other Provisions*

23. Upon approval of the settlement provided for in this Settlement Agreement, each and every time period and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

24. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

IT IS SO ORDERED.

Dated: October 10, 2024

s/ COLIN S. BRUCE
_____
Hon. Colin Stirling Bruce
United States District Judge