UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| BENJAMIN KYLE MILLER, individually and on behalf of all other persons similarly situated,<br><br>            Plaintiff,<br><br>  -against-<br><br>EZELL EXCAVATING INC., ILLIANA CONSTRUCTION CO., OPEN ROAD PAVIN COMPANY, LLC, and JOHN DOE COMPANIES 1-10,<br><br>            Defendants. | Case No. 23-cv-02008<br><br>Judge Colin S. Bruce |

**<u>Memorandum of Law in Support of the Parties' Motion to Finally Approve Class Action Settlement, and for Attorneys' Fees, Expenses, and Incentive Award</u>**

Bruce E. Menken (*pro hac vice*)
Menken Simpson & Rozger LLP
80 Pine St., 33rd Fl.
New York, NY 10005

David L. Lee, ARDC #1604422
Law Offices of David L. Lee
53 W. Jackson Blvd. # 505
Chicago, IL 60604

*Attorneys for Plaintiff Miller and the Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.      PRELIMINARY STATEMENT ........................................................................................ 1

II.     BRIEF BACKGROUND .................................................................................................. 1

III.    THE SETTLEMENT ........................................................................................................ 2

        A.  Cash Payments to Class Members ........................................................................ 2

        B.  Payment of Attorneys' Fees, Litigation Costs, and Administration Costs ............... 3

IV.    ARGUMENT: THE COURT SHOULD FINALLY APPROVE THE PROPOSED
       SETTLEMENT AND ATTORNEYS' FEES .................................................................. 3

        A.  The Settlement Should Be Approved ..................................................................... 3

        B.  The Court Should Grant Plaintiff's Request for Attorney's Fees ........................... 6

        C.  The Court Should Also Award Reasonable Reimbursements for Expenses .......... 11

        D.  The Proposed Service Award Payable to Plaintiff Miller Is Reasonable .............. 11

V.     CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

### CASES

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*,
   No. 1:15-CV09025, 2019 WL 10248700 (N.D. Ill. Dec. 10, 2019) ............................................7

*Armstrong v. Bd. of Sch. Directors of City of Milwaukee*,
   616 F.2d 305 (7th Cir. 1980) ................................................................................................4, 5

*Beckman v. KeyBank N.A.*,
   293 F.R.D. 467 (S.D.N.Y. 2013) ...............................................................................................10

*Beesley v. Int'l Paper Co.*,
   No. 06-703, 2014  WL 375432 (S.D. Ill. Jan. 31, 2014) .......................................................11, 12

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ...............................................................................................................6, 11

*Briggs v. PNC Fin. Servs. Grp., Inc.*,
   No. 1:15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016) ........................................7, 12

*Brown v. Ceannate Corp.*,
   No. 1:18-cv3540, 2019 WL 11790393 (N.D. Ill. Oct. 29, 2019) .................................................8

*Castillo v. Noodles & Company*,
   No. 16-cv-03036, 2016 WL 7451623 (N.D. Ill. Dec. 23, 2016) ...............................................12

*Felzen v. Andreas*,
   134 F.3d 873 (7th Cir. 1998) .......................................................................................................

*Gaskill v. Gordon*,
   160 F.3d 361 (7th Cir. 1998) ........................................................................................................7

*Goldsmith v. Tech. Solutions Co.*,
   No. 92 C 4374, 1995 WL 17009594 (N.D. Ill. Oct. 10, 1995) .....................................................7

*Heekin v. Anthem, Inc.*,
   No. 05 Civ. 1908, 2012 WL 105878032 (S.D. Ind. Nov. 20, 2012) .........................................10

*Holman v. Ill Dept. of Correction*,
   No. 18 Civ. 1323, 2024 WL 5131945 (C.D. Ill. Dec. 16, 2024) ...............................................11

*In re Dairy Farmers of Am., Inc.*,
    80 F. Supp. 3d 838 (N.D. Ill. 2015) ................................................................................... 7

*In re Marsh ERISA Litig.*,
    265 F.R.D. 128 (S.D.N.Y. 2010) ........................................................................................ 9

*In re Synthroid Mkt. Litig.*,
    264 F.3d 712 (7th Cir. 2001) ......................................................................................... 6, 11

*In re Trans Union Corp. Privacy Litig.*,
    No. 00 Civ. 4729, 2009 WL 4799954 (N.D. Ill. Dec. 9, 2009) ....................................... 10

*Isby v. Bayh*,
    75 F.3d 1191, 1199 (7th Cir. 1996) ................................................................................ 4, 5

*Kirchoff v. Flynn*,
    786 F.2d 320 (7th Cir. 1986) ............................................................................................. 8

*Koszyk v. Country Fin. a/k/a CC Servs., Inc.*,
    No. 16 Civ. 3571, 2016 WL 5109196 (N.D. Ill. Sept. 16, 2016) ...................................... 7

*Silverman v. Motorola Solutions, Inc.*,
    739 F.3d 956 (7th Cir. 2013) ............................................................................................. 8

*Spicer v. Chi. Bd. Options Exch., Inc.*,
    844 F. Supp. 1226 (N.D. Ill. 1993) .................................................................................. 11

*Steiner v. Am. Broad. Co.*,
    248 F. App'x 780 (9th Cir. 2007) .................................................................................... 10

*Sutton v. Bernard*,
    504 F.3d 688 (7th Cir. 2007) ......................................................................................... 7-9

*Taubenfeld v. AON Corp.*,
    415 F.3d 597 (7th Cir. 2005) ............................................................................................. 7

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ......................................................................................... 10

*Williams v. Rohm & Haas Pension Plan*,
    658 F.3d 629 (7th Cir. 2011) ........................................................................................... 10

## OTHER AUTHORITIES

3 Alba Conte *et al.*, Newberg on Class Actions § 14.6 (4th ed. 2002) ..............................................7

## I.   PRELIMINARY STATEMENT

On October 10, 2024, this Court preliminarily approved a class action settlement between Plaintiff and Defendant Ezell Excavating Inc. ("Ezell"). That settlement provided for a $325,000 common fund to resolve the class's claims under the Fair Labor Standards Act (FLSA) and the Illinois Prevailing Wage Act (IPWA). After notice of the settlement was sent to the class, no parties objected to the settlement, and only one class member chose to be excluded from the settlement. Accordingly, class counsel makes this unopposed motion to finally approve the settlement, for approval of one-third of the settlement for attorneys' fees and administrative costs, reimbursement of case expenses, and payment of an incentive award to class representative Benjamin Kyle Miller, as set forth in the settlement agreement. *See* Dkt. No. 49-2.

## II.   BRIEF BACKGROUND

The Complaint was filed on January 10, 2023, and the First Amended Complaint (FAC) on March 28, 2023, alleging that Defendants failed to pay Plaintiff and the putative class overtime as required by the FLSA and prevailing wages required by the IPWA, 820 Ill. Comp. Stat. 130/1 *et seq*. *See* Dkt. No. 21. The Plaintiff and putative class drove trucks and transported materials such as asphalt, gravel and/or dirt to/from public worksites since January 6, 2018. After Defendant Ezell's motion to dismiss was denied, extensive document discovery and depositions, the parties held a mediation before U.S. Magistrate Judge Eric Long on June 13, 2024, which resulted in a settlement in principle and the execution of a Memorandum of Understanding (MOU).

From June 13, 2024, to September 9, 2024, the parties negotiated the specific terms of a Joint Stipulation (Settlement Agreement) and Class Notice resulting in a full and final class-wide settlement. Plaintiff moved unopposed for preliminary approval of the Settlement which was granted by District Judge Bruce on October 10, 2024. *See* Dkt. Nos. 49, 50.

1

### III.     THE SETTLEMENT

The efforts of Plaintiff Miller and his counsel have culminated in a settlement benefiting a modest, local class of 37 workers currently or formerly directly employed by Ezell. The settlement provides for payment of a Settlement Award to truck drivers who transported materials to and/or from a public jobsite from January 6, 2018, to October 10, 2024 (the date of preliminary approval), in the State of Illinois.

#### A.  Cash Payments to Settlement Class Members

The total Settlement Amount or fund created by Plaintiff is $325,000 ("Settlement Fund"). *See* Dkt. No. 49-2 – Settlement Agreement. In addition, Defendant Ezell shall pay its employer's share of payroll taxes to be paid on the Settlement Shares. *Id*. at § 3.1(A). The total Settlement Fund covers class members' awards and attorneys' fees and costs, the requested service award for Plaintiff Miller and the Settlement Administrator's fees.

Accordingly, the Net Settlement Amount is the above Settlement Amount to be paid by Defendants pursuant to this Settlement, less (i) the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment as approved by the Court; (ii) the Settlement Administrator's fees and expenses approved by the Court; and (iii) the service award for named Plaintiff Miller. After deducting the proposed $108,333 attorneys' fees payment, $2,893.26 in litigation expenses, $7,500 in administration costs, and $10,000 as and for Plaintiff Miller's service award, the Net Settlement Amount will be $196,273.74.

Each participating class member will receive a share of the Net Settlement Fund based on the calculations derived from the Defendant's payroll data. *Id*. at § 3.4. Participating Class and Collective Members shall receive a proportional share that is equal to the proportional share of wages the Member was paid by Defendant Ezell during the period (January 6, 2018, to October

2

10, 2024) relative to the entire amount of wages paid by Ezell to all Members during that same period. *Id*. No claim form need be submitted; all Class Members who do not opt-out will receive a share of the settlement. Excess funds from any uncashed checks will result in a *cy pres* award to the Cunningham Children's Home in Urbana, Illinois. *Id.* at § 3.4(H).

The Class Members who are eligible to receive payments, or a "Settlement Award," are those class members who have not submitted a valid and timely Opt-Out Form. *Id*. at § 2.5. Notice providing the class with the opportunity to opt out was sent on November 11, 2024, and only one class member opted out. *See* Class Action Administrator RG2's Stephanie Valerio Declaration. As set forth in the administrator's affidavit of due diligence, the settlement administrator sent the Class notice of the proposed settlement to each Class Member, in accordance with the Court's preliminary approval order. Although one Class Member opted out, no objections to the settlement were received. *Id*.

B. Payment of Attorneys' Fees, Litigation Costs, and Administration Costs

The settlement agreement provides that attorneys' fees and litigation costs will be paid out of the Settlement Fund, and that Class Counsel will apply for reimbursement from the Settlement Fund for their actual litigation costs incurred ($2,893.26) and for approximately one third, or $108,333, of the Settlement Fund as attorneys' fees. Dkt. No. 49-2. All of the costs of notice and all costs associated with administering the settlement will also be paid out of the Settlement Fund, in the amount of $7,500.

IV. **ARGUMENT: THE COURT SHOULD FINALLY APPROVE THE PROPOSED SETTLEMENT AND ATTORNEYS' FEES**

A. The Settlement Should Be Approved

In determining whether to approve a class action settlement, courts should consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment

3

of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996). Courts should "also consider the facts in the light most favorable to the settlement." *Id*. (citing *Armstrong v. Bd. of Sch. Directors of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)).

Applying all of the *Isby* factors to this case strongly supports final approval of the Settlement. After notice of the proposed Settlement was mailed to the Class Members, which included an explanation of how the Settlement Awards will be calculated, no Class Member objected, and only one Class Member opted out of the Class. (See, Class Action Administrator Valerio Declaration). Accordingly, there is effectively no opposition to the Settlement from the Class Members. This is strong proof that the monetary compensation provided by the Settlement to the Class Members is fair and reasonable, given the risks of going to trial in this case. As set forth in the Preliminary Approval motion papers, the Net Settlement totals approximately 36% of the total possible damages the class members could receive after trial. Dkt. No. 49-5 at p. 17. Those members of the class still employed by Defendant would also receive the additional benefit of being paid their lawfully owed wages going forward, as Defendants have changed their pay practices. Of course, obtaining a $900,000-plus recovery would require Plaintiff to prevail on his legal argument that Open Road was also his employer, and/or would require collecting the amount owed pursuant to judgment from Ezell, a small, family-owned company. Accordingly, there is substantial risk that Plaintiff would ultimately recover far less than the $325,000 presently before the Court to be approved.

In addition, this case was litigated for two years, with the Court deciding Defendant Ezell's motion to dismiss. The parties agreed to defer expert and possible additional fact discovery concerning damages until after the resolution of class certification. Although Plaintiff survived Defendant Ezell's motion to dismiss, Ezell would have likely moved again to dismiss Plaintiff's claims on summary judgment. Open Road also had a reasonable chance to prevail on its argument that it did not jointly employ Plaintiff and the putative class to avoid liability. In calculating the amount of damages allegedly owed Plaintiff and the Class, it is likely that each party would have disputed how to identify public projects and what, if any, work performed by Plaintiff and the Class required payment of prevailing wages. Plaintiff retained a consulting expert to help calculate damages, but if this case proceeded, it is likely the parties would have presented competing expert reports. These damages issues would present considerable time, complexity and expense to bring the case to judgment. The proposed settlement eliminates that uncertainty and provides a tangible and valuable benefit to the class immediately. Accordingly, the second *Isby* factor also favors approval. Furthermore, the opinion of Class Counsel, who has many years of experience litigating class cases in general and prevailing wage cases in particular, also strongly favors settlement. *See* Menken Decl.

The fifth *Isby* factor, the stage of the proceedings and the amount of discovery completed at the time of settlement, also favors the settlement. This factor considers "how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims." *Armstrong*, 616 F.2d at 325. Here, the parties engaged in extensive discovery. Defendants produced and Plaintiff reviewed over 5,000 pages of relevant documents. Plaintiff conducted two corporate representative depositions and Defendants conducted the deposition of Plaintiff Miller. Also, as referenced above, Class Counsel worked with and analyzed spreadsheets and data generated by a consulting expert to

5

calculate different damages scenarios. See, Menken Decl. Lastly, this Court is familiar with the case since Magistrate Judge Eric Long acted as a mediator on June 13, 2024, to help the parties resolve it. The Court and parties are thus in a very good position to evaluate the claims of the preliminarily approved Class, and this factor accordingly also favors finally approving the Settlement.

Based on the above, Plaintiff and the preliminarily approved Class respectfully submit that this Court should grant final approval of this Class Settlement.

### B. The Court Should Grant Plaintiff's Request for Attorneys' Fees

The Seventh Circuit requires courts to determine class action attorneys' fees by "[d]oing their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mkt. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) ("*Synthroid I*") (collecting cases). In this context, "at the time" is at the start of the case: The Court must "estimate the terms of the contract that private plaintiffs would have negotiated with their lawyers, had bargaining occurred at the outset of the case (that is, when the risk of loss still existed)." *Id*. That is so because "[t]he best time to determine this rate is the beginning of the case, not the end (when hindsight alters the perception of the suit's riskiness, and sunk costs make it impossible for the lawyers to walk away if the fee is too low). This is what happens in actual markets." *Id*.

The "common fund" doctrine applies where, as here, litigation results in the recovery of a certain and calculable fund on behalf of a group of beneficiaries. The Seventh Circuit and other federal courts have long recognized that when counsel's efforts result in the creation of a common fund that benefits the plaintiff and unnamed class members, counsel have a right to be compensated from that fund for their successful efforts in creating it. *See Boeing Co. v. Van Gemert*, 444 U.S.

6

472, 478 (1980) ("[A] lawyer who recovers a common fund … is entitled to a reasonable attorneys' fee from the fund as a whole."); *Sutton v. Bernard*, 504 F.3d 688, 691 (7th Cir. 2007) ("[T]he attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit.").

When a common fund is established for the benefit of a class, attorneys in this Circuit are typically awarded a percentage of the fund as counsel fees, generally one-third. *See Gaskill v. Gordon*, 160 F.3d 361, 362–63 (7th Cir. 1998) (holding "[c]ourts routinely hold that one-third of a common fund is an appropriate attorneys' fees award in a class action settlement, including wage and hour settlements," and affirming award of 38% of fund); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *4 (N.D. Ill. Sept. 16, 2016) (citing *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599–600 (7th Cir. 2005) (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund)); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 842 (N.D. Ill. 2015) (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, No. 92 C 4374, 1995 WL 17009594, at *7–8 (N.D. Ill. Oct. 10, 1995) (same, and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); 3 Alba Conte *et al.*, Newberg on Class Actions § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]"); *see also Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-cv-10447, 2016 WL 7018566, at *4 (N.D. Ill. Nov. 29, 2016) ("Courts routinely hold that one-third of a common fund is an appropriate attorneys' fees award in class action settlement, including wage and hour settlements.").

More recently, and consistent with this authority, the Northern District of Illinois has awarded attorneys' fees of one-third of a class action common fund. *See Abante Rooter &*

7

*Plumbing, Inc. v. Oh Ins. Agency*, No. 1:15-CV09025, 2019 WL 10248700, at *3 (N.D. Ill. Dec. 10, 2019); *Brown v. Ceannate Corp.*, No. 1:18-cv3540, 2019 WL 11790393 (N.D. Ill. Oct. 29, 2019).

Courts in this Circuit also recognize that the risk associated with contingent-fee litigation justifies an award of one-third of a common fund. "Contingent fees compensate lawyers for the risk of nonpayment. The greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel." *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013) (citing *Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986)). Thus, the risk of non-payment is a key consideration in assessing the reasonableness of a requested fee and must be incorporated into any ultimate fee award. *See Sutton*, 504 F.3d at 694 (finding abuse of discretion where lower court, in applying percentage-of-the-fund approach, refused to account for the risk of loss on basis that "class actions rarely go to trial and that they all settle[,]" noting that "there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit," and "[b]ecause the district court failed to provide for the risk of loss, the possibility exists that Counsel, whose only source of a fee was a contingent one, was undercompensated").

Here, Plaintiff seeks approval of one-third of the common fund, which, based on this Circuit's long history, is a reasonable fee. The Settlement Agreement provides for payment of Class Counsel's fees in the amount of $108,333, which is fair, reasonable and consistent with fees awarded in numerous common fund class actions in this Circuit and in this Court. Further, the requested fee award of about one-third of the total Settlement Fund is consistent with the "market price" as reflected in the fees approved by judges in this Circuit in other class cases, considering

8

the risks of non-payment, the quality and extent of Class Counsel's work on behalf of the Settlement Class, and the overall stakes of the case.

The quality of Class Counsel's performance and time invested through substantial discovery, motion practice, and adversarial negotiations including mediation to achieve a $325,000 Settlement Fund for the benefit of the Participating Class and Collective Members further supports the requested fee award. *Sutton*, 504 F.3d at 693. In addition to accepting considerable risk in litigating this action, Class Counsel committed their time and resources to this case without any guarantee of compensation whatsoever, only achieving the Settlement after years of hard-fought litigation.

Class Counsel are experienced in wage and hour litigation, including other prevailing wage cases against similar defendants. *See* Menken Decl. And because they were proceeding on a contingent fee basis, Class Counsel "had a strong incentive to keep expenses at a reasonable level[.]" *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010). Given the strength of the Settlement obtained for the Class, the extensive discovery conducted, and the adversarial nature of the litigation and settlement discussions, Class Counsel respectfully submit that their experience and the quality and amount of work invested for the benefit of the Class supports the requested fee.

Although the Court need not conduct a lodestar cross-check, Class Counsel's lodestar fully supports the requested one-third fee. As set forth above, Class Counsel's fee request should be approved because the settlement provides a substantial recovery for the Participating Class and Collective Members, the settlement does not present any indicia that it was the product of collusion between the parties, and Class Counsel's fee request is reasonably based on the market rate

9

including fees awarded in other, similar class actions. No further showing or analysis is needed. Nevertheless, a lodestar crosscheck supports the reasonableness of Class Counsel's fee request.

In the Seventh Circuit, courts are not required to perform lodestar cross-checks in common fund settlements. *See Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011) ("[C]onsideration of a lodestar check is not an issue of required methodology."). Although courts occasionally review counsel's lodestar as "a cross-check to assist in determining the reasonableness of the percentage fee award," *Heekin v. Anthem, Inc.*, No. 05 Civ. 1908, 2012 WL 105878032, at *2 (S.D. Ind. Nov. 20, 2012), the lodestar cross-check is of limited utility because "[u]ltimately...the market controls." *In re Trans Union Corp. Privacy Litig.*, No. 00 Civ. 4729, 2009 WL 4799954, at *8 (N.D. Ill. Dec. 9, 2009).

Nonetheless, were the Court to evaluate Class Counsel's lodestar, it would highlight the reasonableness of the award. To date, Class Counsel expended approximately 218.30 hours on this case. See, Menken Declaration at Ex. B and Lee Declaration. Based on market rates previously approved for Class Counsel in similar wage and hour cases in this market, Class Counsel have incurred approximately $131,365.32 in attorneys' fees. *Id*. Further, Class Counsel will necessarily continue to spend time implementing the settlement by overseeing the distribution of the settlement fund, and by attending the final approval hearing and addressing any concerns raised by the Court and Class Members. Should the Court perform the lodestar crosscheck, these hours would establish the significant work that Class Counsel have invested and would confirm the reasonableness of the award.

The fact that Class Counsel's request is near their lodestar amount demonstrates that it is well within the range that courts accept when performing a crosscheck. *See Beckman v. KeyBank N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) (granting a substantial multiplier where lodestar

less than requested fee); *see also Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (same); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002) (same).

In sum, the requested fee is fair, reasonable, consistent with the market and with similar class cases, and should be approved. [1]

### C. The Court Should Also Award Reasonable Reimbursement for Expenses

It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses. *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, *3 (S.D. Ill. Jan. 31, 2014) (citing Fed. R. Civ. P. 23; *Boeing*, 444 U.S. at 478). The Seventh Circuit has held that costs and expenses should be awarded based on the types of "expenses private clients in large class actions (auctions and otherwise) pay." *Synthroid I*, 264 F.3d at 722; *see also Spicer v. Chi. Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1256 (N.D. Ill. 1993) (noting that courts regularly award reimbursement of those expenses that are reasonable and necessarily incurred in the course of litigation). Here, Class Counsel have incurred a modest $2,893.26 in reimbursable expenses related to their consulting expert's work, filing fees and deposition transcripts. Menken Decl. at Ex. C. Pursuant to the terms of the Settlement Agreement, Plaintiff seeks approval of $2,893.26 in reimbursable expenses.

### D. The Proposed Service Award Payable to Plaintiff Miller Is Reasonable

The proposed service award of $10,000 to Plaintiff Miller, who boldly began this action, assisted Class Counsel in producing documents and helping understand them, answered discovery requests, was deposed and attended the mediation with Magistrate Judge Long, is reasonable. Service awards in the amount of $10,000 are reasonable and well within the range of similar

---

[1] If the Court chooses to use Class Counsel's lode star as a cross check and questions lead Class Counsel Menken's hourly rate as inconsistent with the hourly rate of practitioners in the Central District of Illinois, a recent decision reflects a higher hourly rate paid to senior, experienced counsel like Mr. Menken. *See Holman v. Ill Dept. of Correction*, No. 18 Civ. 1323, 2024 WL 5131945, at *14 (C.D. Ill. Dec. 16, 2024).

11

awards in this Circuit. *See, e.g., Briggs*, 2016 WL 7018566, at * 3 (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Company*, No. 16-cv-03036, 2016 WL 7451623, at *2-3 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs for a total of $40,000 in service awards). The award to Plaintiff Miller is particularly justified because he was the sole class representative who could be singled out and subject to retaliation. *Cf. Beesley*, 2014 WL 375432, at *4 ("[L]itigation against an employee's current or former employer carries unique risks and fortitude, including alienation from employers or peers.")

## V.     CONCLUSION

For the foregoing reasons, the terms of the Class Settlement should be fully and finally approved in their entirety.

Dated: February 11, 2025

                                              Respectfully submitted,

                                              /s/

                                              Bruce E. Menken, *pro hac vice*
MENKEN SIMPSON & ROZGER LLP
80 Pine Street, 33rd Floor
New York, New York 10005
bmenken@nyemployeelaw.com
Tel. (212) 509-1616
Fax (212) 509-8088

David L. Lee, ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., #505
Chicago, IL 60604
d-lee@davidleelaw.com
Tel. (312) 952-1321

*Attorneys for Plaintiff Miller and the Class*

12