**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**
------------------------------------------------------------------------X

BENJAMIN KYLE MILLER, individually and on behalf
of all other persons similarly situated,

                                                                                                                                                         23 Civ. 02008 (CSB)(EIL)

                                                                     Plaintiffs,

               -against-

EZELL EXCAVATING INC., ILLIANA CONSTRUCTION CO.,
OPEN ROAD PAVING COMPANY, LLC and JOHN DOE
COMPANIES 1-10.

                                                                     Defendants.

------------------------------------------------------------------------X

## **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

      This Court, having held a Final Approval Hearing on February 21, 2025, having provided notice of that hearing in accordance with the Preliminary Approval Order, and having considered all matters submitted to it in connection with the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims (the "Final Approval Order" or this "Order") and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

      1.     Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement, Dkt. No. 49-2.

      2.     The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Litigation and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after mediation before Magistrate Judge Eric Long and additional months of clarifying negotiations between the Parties. Counsel for the Parties were therefore well positioned to

evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to several difficult questions of fact and law.

    3.    The Court makes the following findings and conclusions regarding notice of the settlement to the Class:

        a.    The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

        b.    The Class Notice:(i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

        c.    The Court finds that the notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, have been met in connection with the proposed Settlement.

    4.    The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

    5.    The Court approves the plan of distribution for the Settlement Fund as set forth in

the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief. Should any unclaimed funds be distributed, the Court hereby approves the Cunningham Children's Home in Urbana, Illinois as *cy pres* recipient which shall receive a distribution of any funds resulting from unclaimed funds.

6. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. In reference to such motion, this Court makes the following findings of fact and conclusions of law:

   a. that the Settlement confers substantial benefits on the Settlement Class Members;

   b. that the value conferred on the Settlement Class is immediate and readily quantifiable;

   c. that Class Members will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Illinois Prevailing Wage Act;

   d. that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

   e. that the Settlement was obtained as a direct result of Class Counsel's advocacy;

   f. that the Settlement was reached following extensive negotiation between Class Counsel and Defense Counsel, and was negotiated in good faith and in the absence of collusion;

   g. that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

7. Accordingly, Class Counsel are hereby awarded $108,333.00 for attorneys' fees and $2,893.26 in litigation expenses from the Settlement Fund, which this Court finds to be fair

and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

8. Class Representative Benjamin Kyle Miller is hereby compensated in the amount of $10,000 for the time and effort he spent helping Class Counsel prosecute this case and is hereby compensated in the amount of $10,000 for his efforts in this case.

9. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns. See, Dkt. No. 49.

10. The Releases, which are set forth in Section 3.6 of the Settlement Agreement, are expressly incorporated herein in all respects. Upon the Final Settlement Date, the Participating Class Members and Class Representative Miller, by operation of the Judgment and the individual release signed by Miller, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from the Released Claims.

11. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry.  In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

12. The Court approves the Settlement Agreement and Release and expressly integrates and embodies them into this Order. This Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and the Release contained therein, including jurisdiction to enter such further orders

as may be necessary or appropriate to administer and implement the terms and provisions of the Settlement Agreement.

SO ORDERED.

Dated: 2/21/2025

s/Colin S. Bruce

U.S.D.J. Colin S. Bruce